McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit to recover the amount of two bank-notes issued by the Union Bank of Tennessee, one of the denomination of one hundred dollars and the other of fifty dollars.
The defendants in error were the holders of said two notes; and, for the purpose of transmission by mail, the notes were cut, and the separate halves were forwarded, by different mails, from Tuscumbia, Ala., to Louisville, Ky. The halves last sent were lost or stolen from the mails; and, upon the production of the other halves, and demand of payment, the bank refused to pay.
*169 The suit is brought under the act of 1819, ch. 27, an affidavit of the loss of one set of the halves of said notes being attached to the declaration.
A special demurrer to the declaration, assigning various causes, was put in by the bank. On argument, the demurrer was overruled; and the defendant refusing to plead over to the merits, judgment by default was entered up in favor of the plaintiffs, to reverse which, an appeal in error to this Court has been prosecuted.
The questions in the case arise upon the demurrer. It is assumed for the plaintiffs in error that a court of law has no jurisdiction of the case, either upon general principles or upon the act of 1819, and that the remedy, if any, is in equity.
It seems to be settled in England, after much diversity of opinion, that the holder of a negotiable promissory note which has been lost has no remedy at law; that the only remedy is in equity, where relief will be granted upon the holder proving the loss and giving sufficient indemnity. Story on Promissory Notes, sec. 446. And the same doctrine is held applicable to the holder of a bank-note which has been divided for transmission, and one of the parts has been lost. Ib., see. 111. The objection to the right of the holder of the remaining half of a bank-note — the other half having been stolen from the mail — to sue at law, is stated by Lord Ellenborough, in Mayor vs. Johnson, 3 Campb. R., 326, to be, that the half of the note taken from the mail may have fallen immediately into the hands of a Iona fide holder for value; and he would have as good a right to recover upon that, as the other holder would have upon the other half. This conclusion is *170 demonstrated to be incorrect by other authorities, both English and American.
In this country there is some difference of judicial opinion upon the question. Some of the cases hold that a suit is maintainable at law upon a lost bill or note: others follow the English doctrine; and in others it has been determined that the holder is entitled to recover at law upon giving sufficient indemnity.
The doctrine of the English Courts proceeds upon the idea that the lost half of a bank-note is negotiable; and, that being so, it may reach the hands of a bona fide holder for value, without notice of any defect of title; and that, if he might recover thereon at law, the debtor would be liable to a recovery by both holders, because, as is assumed, a court of law is incompetent to provide for his security against the hazard of a second payment, by exacting from the plaintiff a suitable indemnity.
This reasoning is obviously unsound. The proposition that the half of a bill or note is negotiable, is an absurdity. By dividing it into two parts, the quality of negotiability which belonged to it as a whole is destroyed until the parts are again reunited. This the authorities very generally, English and American, admit. It is said (Chitty on Bills, 10, Am. Ed., 259) that if part of a bank-note sent by mail “ be lost, stolen, or misapplied, no person but the real owner can acquire a right to or lien upon the same, however bona fide his conduct may have beenbe-cause, as the instrument was not perfect when he received the same, he had no right to rely on the authenticity of the transaction. So, in Byles on Bills, it is said, “A man who takes half a note, takes it necessarily under suspicious circumstances, and cannot recover to the injury of the *171 maker.” Byles on Bills, 429 ; Bailey on Bills, (6th. ed.,) 379 ; 6 Wend., 378.
It is well settled, by several American cases, that where a bank-note has been cut for the purpose of transmission by mail, and one of the parts is lost or stolen, the holder of the other part, upon satisfactory proof of the loss, may recover at law, and upon the ground that the halves of a bill or note are not separately negotiable. 6 Wend., 378; 2 Wash. Cir. Rep., 172; 4 Wash. Cir. Rep., 253; 2 Nott & McCord’s R., 464.
And such recovery may be had on the common money counts. 6 Wend., 378.
We concur with these authorities, in opposition to the doctrine of most of the English cases, and hold that a recovery may be had at law in a case like the present, and upon the common counts in assumpsit or debt.
We likewise assent to the proposition maintained in the case of Fales vs. Russell, 16 Pick. R. 315-318, that, in the case of a lost bill or note, it is properly within the power of a court of law, in the exercise of a judicial discretion, on rendering judgment for the plaintiff, to annex the condition that, before availing himself of it, he shall execute to the defendant a sufficient bond of indemnity.
Such is the requirement of the act of 1819. But the authority of a statute is not necessary to the exercise of this power by a court of law.
There is certainly plausibility in the argument, to say no more, that the case of a lost half of a bank-note was not contemplated by the act of 1819. Our present purpose, however, is not so much to consider the correctness of this proposition as to maintain the jurisdiction of a court of law in such case, independent of that statute alto- *172 getlier, and wMch. jurisdiction remains unaffected by the statute. Eor, if tbe position be correct that a suit can neither be maintained under the statute, nor independently of the statute, at law, the inevitable result is, that in very many instances there must be a failure of justice, as a court of equity in this State could not entertain jurisdiction if the note were of a less denomination than fifty dollars.
But the jurisdiction at law cannot be seriously questioned. Nor does this doctrine expose the bank to any hazard. The holder of one half of the note cannot entitle himself to payment without satisfactory proof of the loss of the other half, and that he is the bona fide owner of the debt evidenced by such note, and was so when the note was cut into halves. Upon this proof, there can be no hazard on the part of the bank in payiug the full amount of the note. The person who found or stole the other half of the note cannot establish a right to the debt; neither can one who takes it from him, though he may have taken it for value, and in utter ignorance of the facts. He cannot place himself upon the footing of a bona fide holder of negotiable paper, because, as before shown, it is not negotiable detached from the other half, and, likewise, because he takes it with notice that there is or may be a better title in the person having possession of the other half. And, therefore, he takes it at his peril, and subject to all defences that might be made against the person who found or stole it.
Payment by the bank to the bona fide holder of the other half of the note is, therefore, all-sufficient for its protection in such case, without any other indemnity; though positive indemnity may be required, as before *173 stated, if deemed proper under the circumstances of the case.
The present action might he maintained — treating the affidavit filed under the act of 1819 as merely surplusage —hut for the objection that the demand alleged in the declaration is had, being averred to have been made, not at the branch at Jackson, where at least one of the notes was payable upon its face, but at the counter of the principal bank in Nashville.
Upon this ground, the demurrer ought to have been sustained.
The judgment will therefore be reversed, the demurrer to the declaration be sustained, and the cause remanded, with leave to the plaintiffs to file an amended declaration.